IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.   24-41290 |
| | ) | |
| | ) | ADV. PRO. NO. _____ |
| KIMBERLY L. HUGHLEY | ) | |
| | ) | |
| | ) | |
| Debtors | ) | JUDGE TIIARA N.A. PATTON |
| ********************************* | ) | |
| | ) | |
| Kimberly L. Hughley | ) | COMPLAINT TO DETERMINE |
| 974 Bennett Avenue NW | ) | DISCHARGEABILITY OF STUDENT |
| Warren, OH 44485 | ) | LOAN |
| | ) | 11 U.S.C § 523(a)(8) |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| United States Department of Education | ) | |
| 400 Maryland Avenue SW | ) | |
| Washington, D.C. 20202 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, and files this Complaint to Determine Dischargeability of Student Loan, and for good cause would show the Court the following:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Northern District of Ohio has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.   This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order.   Venue is proper in this district because Plaintiff resides here and filed bankruptcy here, 28 U.S.C. § § 1408 and 1409.

2. This Complaint is commenced pursuant to section 523(a)(8) of title 11 of the United States Code.

3. Plaintiff consents to the entry of final orders and judgment by this Court.

## PARTIES

4. Plaintiff is the Debtor in the underlying bankruptcy case and resides in Warren, Ohio.

5. Defendant United States Department of Education is the holder of educational debts incurred by Plaintiff.

## FACTUAL BACKGROUND

6. The outstanding balance of the student loans Plaintiff is seeking to discharge in this adversary proceeding is approximately $124,000.00. Plaintiff incurred the student loans while attending Virginia College, Kent State University, Youngstown State University, University of Phoenix, and Capella University. Plaintiff first attended Virginia College in 2008, Kent State University and Youngstown State University in 2009, then University of Phoenix in 2010 and finally Capella University between 2010 and 2012. Plaintiff was pursuing a bachelor's degree in business administration. Plaintiff did not complete her course of study at any of the schools.

7. Plaintiff is currently employed as a detailer for Enterprise/Cerac LLC.

8. Plaintiff does not have the ability to make payments on the student loans while maintaining a minimal standard of living.

9. In addition, Plaintiff's financial circumstances are unlikely to materially improve over a significant portion of the repayment period as the student loans that Plaintiff is seeking to discharge have been in repayment status for at least 10 years and Plaintiff is currently employed but the income is insufficient to pay the loans that Plaintiff is seeking to discharge. Plaintiff's income is unlikely to increase to an amount necessary to make substantial payments on the student loans.

10. Plaintiff has made a good faith effort to repay the student loans at issue in the proceeding, including the following efforts: Since receiving the student loans at issue, Plaintiff has been in forebearance/deferment or an income driven repayment plan.

## CAUSE OF ACTION – Determination of Dischargeability – 11U.S.C § 523(a)(8)

11U.S.C § 523(a)(8) provides as follows:

523(a) states that a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt –

(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for –

(A)(i)  an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

(ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend.

11. Plaintiff has demonstrated that it would impose an undue hardship on the Plaintiff to except the student loans from discharge.

WHEREFORE, Plaintiff respectfully requests that the Court determine that Plaintiff's student loan debts to Defendant are dischargeable under U.S.C. § 523(a)(8), and the Court grant Plaintiff such other equitable relief this Court may determine is fair and just.

Respectfully submitted,

_/s/DChapman_____
Dawn L. Chapman (0077503)
Attorney Dawn L. Chapman, LLC
Attorneys for Plaintiff/Debtor
1029 Youngstown-Warren Road
Niles, Ohio 44446
(330) 652-8000
dawn@dawnchapmanlaw.com